**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **K.C., C.C., and C.D.**

**No. 22-556** (Preston County 18-JA-45, 18-JA-46, and 18-JA-47)

**MEMORANDUM DECISION**

Petitioner Mother M.C.[1] appeals the Circuit Court of Preston County's February 24, 2022, order terminating her parental and custodial rights to K.C., C.C., and C.D.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The DHHR filed a petition in May of 2018 alleging that petitioner subjected the children to educational neglect and emotional, psychological, and physical abuse. According to the DHHR, petitioner abused controlled substances in the children's presence, demonstrated instability in housing, and had a history of Child Protective Services involvement in several states. The DHHR later amended the petition to allege that petitioner was missing and failing drug screens. After petitioner failed to appear for adjudication in May of 2019, the court ultimately accepted her stipulation and adjudicated her as an abusing and neglecting parent at a hearing in June of 2019. Petitioner specifically admitted to a lack of housing and instability that interfered with the children's education; failure to protect the children from substance abuse in the home; and use of controlled substances that interfered with her ability to safely and adequately parent the children. Petitioner identified deficiencies she needed to address, including not exposing the children to people who posed a threat, like the children's fathers; the need to protect the children; the need to refrain from substance abuse; the need to seek substance abuse treatment; and the need to participate in services, such as parenting and adult life skills education, domestic violence classes, and drug screens. The court then granted petitioner a post-adjudicatory improvement period.

At the conclusion of petitioner's improvement period, the court held a hearing in January of 2020, at which time it discovered that petitioner was not fully compliant with drug screens and

---

[1] Petitioner appears by counsel Jason T. Gain, who filed the brief in accordance with Rule 10(c)(10)(b) of the Rules of Appellate Procedure. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee Niezgoda. Natalie J. Sal appears as the children's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

was moving to Romney, West Virginia. The court was also informed that C.C. and C.D. did not wish to see petitioner. In July of 2020, the DHHR filed a motion to terminate petitioner's parental rights as a result of the children's extended placement in foster care and her failure to successfully complete her improvement period.

The court then held a series of dispositional hearings, beginning in September of 2020. The court heard testimony that petitioner had not drug screened since February of 2020. Further, a provider testified that beginning in March of 2020, petitioner's participation in parenting and adult life skills services became sporadic. The court also heard testimony about petitioner's issues with visitation, with one visit ending early because petitioner and one of the fathers "were arguing and yelling." Further, petitioner's noncompliance with visiting the children resulted in her visitation being terminated entirely in May of 2020. The following month, a provider testified that petitioner's services were closed in June of 2020 due to noncompliance. It should also be noted that petitioner did not attend this hearing,[3] but "did enter the [c]ourthouse while the hearing was in progress and attempted to bond someone out of jail." During a recess, the court "observed [one of the fathers] go down and meet with [petitioner] . . . , but she did not choose to come to the [c]ourtroom during the hearing."

During the final dispositional hearing in December of 2020, the court heard from the children's therapist, who explained that the children did not wish to have any contact with petitioner. A DHHR caseworker further explained that petitioner reported at a recent multidisciplinary team meeting that she was still in a relationship with one of the fathers, despite an extensive history of domestic violence between the two and his perpetration of physical abuse on the children. The worker also explained that petitioner did not complete the services required to correct the conditions of abuse and neglect. Based on the foregoing, the court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that the children's best interests required termination of petitioner's parental and custodial rights.[4] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T*., 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner argues that it was error to terminate her rights instead of extending her improvement period. Despite recognizing the extended nature of the proceedings, petitioner nonetheless argues that she should have been entitled to additional time to attempt to remedy the conditions of abuse and neglect. We disagree. In order to grant petitioner an extension of her post-adjudicatory improvement period, the court would have had to find that petitioner "substantially complied with the terms of the improvement period." W. Va. Code § 49-4-610(6). There is simply nothing in the record to support such a

---

[3]Petitioner was represented by counsel.

[4]The court also terminated the parental and custodial rights of the father of K.C. *See In re K.C.*, No. 22-0221, 2022 WL 14808372 (W. Va. Oct. 26, 2022)(memorandum decision). The father of the remaining children was granted disposition pursuant to West Virginia Code § 49-4-604(c)(5). The permanency plan for all of the children is legal guardianship in their current placements.

finding. On the contrary, the evidence demonstrated that petitioner was noncompliant to the point that many services were suspended, including visits with the children which ended after petitioner and one of the fathers behaved inappropriately.

Further, West Virginia Code § 49-4-610(9) provides that

no combination of any improvement periods or extensions thereto may cause a child to be in foster care more than fifteen months of the most recent twenty-two months, unless the court finds compelling circumstances by clear and convincing evidence that it is in the child's best interests to extend the time limits contained in this paragraph

Here, the proceedings progressed well beyond this limit, and the record shows that extending them further would not have been in the children's best interests given petitioner's noncompliance and inability to correct the conditions of abuse and neglect. While petitioner argues that the case progressed too long, which operated to her detriment, we find that she was in no way hampered by the extended opportunity to demonstrate compliance with the services designed to remedy the conditions of abuse and neglect at issue.

Similarly, we find no error in the circuit court's termination of petitioner's parental and custodial rights. Petitioner takes issue with several of the court's factual findings, such as the finding that petitioner prostituted herself and caused the children's learning disabilities. However, these arguments concerning the minutia of the dispositional order are irrelevant because petitioner does not challenge the circuit court's finding that there was no reasonable likelihood that she could substantially correct the conditions of abuse and neglect at issue. According to West Virginia Code § 49-4-604(d)(3), a circumstance in which there is no reasonable likelihood conditions of abuse and neglect can be substantially corrected includes one in which "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts . . . designed to reduce or prevent the abuse or neglect of the child." Again, the evidence overwhelmingly establishes that petitioner failed to follow through with the required services. While petitioner argues on appeal that she corrected her substance abuse, even assuming this was true, it would not entitle her to relief because this was not the sole issue for which she was adjudicated.

Further, petitioner argues that the court's finding that the children required termination of her parental and custodial rights in order to achieve permanency and stability in their home environment, among other factors, was in error. According to petitioner, because the court granted disposition under West Virginia Code § 49-4-604(c)(5) to the father of C.C. and C.D., it could have also granted petitioner that same disposition without jeopardizing the children. We disagree and note that West Virginia Code § 49-4-604 authorizes different dispositions for parents in different circumstances. *In re Emily*, 208 W. Va. 325, 344, 540 S.E.2d 542, 561 (2000) (finding that this statute "permits the termination of one parent's parental rights" despite another parent retaining parental rights). We further stress that petitioner's request for disposition under West Virginia Code § 49-4-604(c)(5) would jeopardize the children's permanency because that statute is clear that it provides for *temporary* commitment of the child to a variety of custodians, including a suitable guardian. Accordingly, we find that the circuit court was correct in concluding that

termination of petitioner's parental and custodial rights was necessary for the children's best interests. Because the court made the necessary findings upon ample evidence to terminate petitioner's rights, we find no error. *See* W. Va. Code § 49-4-604(c)(6) (permitting a circuit court to terminate parental and custodial rights upon finding that there is no reasonable likelihood that the conditions of neglect can be substantially corrected in the near future and when necessary for the child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental and custodial rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect . . . can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 24, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: April 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn